**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27427-BLOOM**

ROODMAEL JEAN PHILIPPE,

Petitioner,

v.

WARDEN, Krome North Service Processing Center; GARRETT RIPA, Miami Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement ("ICE"); DAVID VENTURELLA, Acting Director, ICE; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States.

Respondents.
_______________________________________________/

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court upon Petitioner Roodmael Jean Philippe's ("Petitioner") Emergency Motion for Temporary Restraining Order ("Motion for TRO"), ECF No. [4], and Emergency Motion for Preliminary Injunction ("Motion for PI"), ECF No. [5]. Petitioner requests that the Court issue a Temporary Restraining Order and a Preliminary Injunction that stops Respondents from removing Petitioner from Florida pending adjudication of his Petition and order the immediate release of Petitioner or a bond hearing. ECF Nos. [4] at 2–3; [5] at 2–3. The Court has reviewed the Motions, the record, applicable law, and is otherwise fully advised.

The Eleventh Circuit has held that "[o]ne inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429

(11th Cir. 1982). "Thus, a TRO is—at most—a waystation on the road to a final resolution on the merits and not the vehicle for such a final adjudication in and of itself." *Vazquez-Rangel v. Horton*, Case No. 26-cv-302-HDM-JHE, 2026 WL 1123470, at *3 (N.D. Ala. Mar. 12, 2026) (denying petitioner's motion for temporary restraining order in an immigration habeas case because petitioner "offers the same arguments and seeks the same ultimate relief as his complaint").

On October 21, 2026, the Court issued an Order to Show Cause which ordered: "to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court." ECF No. [6]. Therefore, Petitioner's request for an order for Respondents not to remove Petitioner from this Court's jurisdiction during the pendency of the matter is moot. Petitioner's remaining request—that Respondents immediately release Petitioner or order a bond hearing—seeks the ultimate relief sought in the Petition for Writ of Habeas Corpus. *See* ECF No. [1] at 6. Accordingly, the Motion for TRO is denied.

It is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion for TRO, **ECF No. [4]**, is **DENIED**.
2. Respondents shall include in their Response to the Court's Order to Show Cause a response to Petitioner's Emergency Order for Preliminary Injunction.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 21, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record